United States District Court
District of Massachusetts

```
_____
                                )
SAMUEL BARTLEY STEELE,          )
         Plaintiff,             )
                                )
         v.                     )    Civil Action No.
                                )    10-11458-NMG
ANTHONY RICIGLIANO, BOB BOWMAN, )
BOSTON RED SOX BASEBALL CLUB    )
LIMITED PARTNERSHIP, BRETT      )
LANGEFELS, CRAIG BARRY, DONATO  )
MUSIC SERVICES, INC., FENWAY    )
SPORTS GROUP a/k/a FSG f/k/a New)
England Sports Enterprises LLC, )
JACK ROVNER, JAY ROURKE, JOHN   )
BONGIOVI, individually and d/b/a)
Bon Jovi Publishing, JOHN W.    )
HENRY, LAWRENCE LUCCHINO, MAJOR )
LEAGUE BASEBALL ADVANCED MEDIA, )
L.P., MAJOR LEAGUE BASEBALL     )
PROPERTIES, INC., a/k/a and/or  )
d/b/a Major League Baseball     )
Productions, MARK SHIMMEL,      )
individually and d/b/a Mark     )
Shimmel Music, MIKE DEE, NEW    )
ENGLAND SPORTS ENTERPRISES LLC  )
f/d/b/a Fenway Sports Group     )
f/a/k/a FSG, RICHARD SAMBORA,   )
individually and d/b/a Aggressive)
Music, SAM KENNEDY, THOMAS C.   )
WERNER, TIME WARNER, INC., TURNER)
BROADCASTING SYSTEM, INC., TURNER)
SPORTS INC., TURNER STUDIOS, INC.,)
VECTOR MANAGEMENT LLC, f/k/a    )
and/or a/k/a and/or successor in)
interest to Vector Management,  )
WILLIAM FALCON, individually and)
d/b/a Pretty Blue Songs,        )
         Defendants.            )
_____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Samuel Bartley Steele ("Steele") brings this case against numerous defendants for copyright infringement. He claims that a song he wrote about the Boston Red Sox ("the Steele Song") was unlawfully copied and used to create a promotion for post-season baseball telecasts ("the TBS Promo"). This is the third such lawsuit brought by Steele and will be referred to as "Steele III". In this case, Steele alleges that the named defendants infringed his copyright of the Steele Song sound recording, in violation of 17 U.S.C. § 114, by reproducing and using the Steele Song sound recording prior to and during production of the TBS Promo.

## I. Factual Background

Plaintiff originally brought claims for copyright infringement against many of the same defendants. Steele v. Turner Broad. Sys., Inc. et al, Civ. A. No. 08-11727-NMG ("Steele I"). In August, 2009, this Court granted summary judgment to the defendants in that case finding no substantial similarity between the Steele Song and that of the defendants. Steele v. Turner Broad. Sys., Inc., 646 F. Supp. 2d 185 (D. Mass. 2009). Thereafter, the Court denied Steele's motion for reconsideration. Steele v. Turner Broad. Sys., Inc., Civ. A. No. 08-11727-NMG, 2009 WL 3448698 (D. Mass. Oct 13, 2009). Steele appealed this

Court's orders to the United States Court of Appeals for the First Circuit and that appeal remains pending. Steele also has another case pending in this Session (Steele v. Bongiovi, et al., Civ. A. No. 10-11218-NMG) ("Steele II") and a case pending in the Massachusetts Superior Court Department (Steele v. Boston Red Sox Baseball Club L.P., No. 10-3418E) ("Steele IV").

On September 1, 2010, defendants Turner Broadcasting System, Inc. ("TBS") and Boston Red Sox Baseball Club Limited Partnership ("the Red Sox") filed a motion 1) to dismiss Steele's lawsuit pursuant to Fed. R. Civ. P. 12(b)(6) on claim preclusion grounds and 2) to award the moving defendants attorney's fees and costs. Alternatively, the defendants request that the Court enter a stay of the case pending resolution of the related cases and that the Court enjoin Steele from a) making additional motions in Steele I and this case and b) filing new lawsuits related to the "Steele Song" without first obtaining this Court's prior approval.

After that motion to dismiss was filed, the remaining defendants filed similar motions to dismiss and adopted in support thereof the arguments made by TBS and the Red Sox. In their motion, Anthony Ricigliano, Donato Music Services, Inc., Brett Langefels and Craig Barry also move to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). On January 3, 2011, Steele filed a motion to stay the action and to consolidate it with Steele II which the defendants oppose.

## II. **Plaintiff's Motion to Stay**

Steele moves to consolidate this action with Steele II and to stay both proceedings until the First Circuit issues a decision with respect to the Steele I appeals. Although the defendants' suggest the alternative of a stay in their motions to dismiss, they oppose Steele's motion to stay on the grounds that Steele filed the motion to stay in order to avoid dismissal and sanctions.

Deciding whether to stay proceedings involves balancing the interests of the parties and the Court. Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936). "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward." Id. at 255. The Court finds that Steele has not set forth any convincing grounds for staying this action. The fact that Steele I is currently on appeal in the First Circuit does not undermine its validity or preclusive effect. See, e.g., In re Belmont Realty Corp., 11 F.3d 1092, 1095-96, 1099 (1st Cir. 1993). Unless that decision is reversed by the First Circuit, it is a valid and binding determination and the Court may dismiss this case as claim precluded by its decision in Steele I. See id.; Solis-Alarcon v. Abreu-Lara, 722 F. Supp. 2d 157, 161 (D.P.R. 2010) (finding that the possibility that a prior judgment adverse to the plaintiff might be reversed on appeal did not justify staying a subsequent related action).

III. **Motions to Dismiss**

Defendants argue that the doctrine of res judicata, or claim preclusion, bars Steele's claims in this case. The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Accordingly, res judicata applies if

> (1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related.

Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).

The Court finds that Steele's claims in this case are claim precluded by Steele I. First, this Court's grant of summary judgment in favor of the defendants in August, 2009 in Steele I was certainly a final judgment on the merits. See Caballero-Rivera v. Chase Manhattan Bank, N.A., 276 F.3d 85, 87 (1st Cir. 2002). With respect to the second requirement, Steele argues that this case is distinct from Steele I because it arises from his sound recording copyright, whereas the claims in Steele I arose out of his performing arts copyright. Nevertheless, the claims in this case are based on the same "nucleus of operative facts" as the claims in Steele I: the defendants' alleged

-5-

infringement of Steele's copyright in the Steele Song.  See Airframe Sys., Inc., 601 F.3d at 15 (holding that the plaintiff's earlier claims of infringement by possession and its later claims of infringement by use of its source code arose from the same nucleus of operative facts and, therefore, the later claims were barred by res judicata).  Thus, the Court finds that the copyright infringement claims Steele brings in this case are sufficiently related to his claims in Steele I.

Moreover, there is no reason why the new defendants and new claims could not have been included in Steele I.  Steele argues that he could not have brought the current claims because, at the time Steele I was filed, he had not yet registered his sound recording with the United States Copyright Office.  Steele does not, however, explain why he delayed the registration of his sound recording copyright.  More importantly, as the defendants point out, Steele could have alleged copyright infringement based on unauthorized copying because such activities would have been in violation of his musical composition copyright which was registered at the time Steele I was filed.  Steele has provided no compelling reason for his failure to do so and, as such, the Court finds that he should be precluded from raising such claims in a separate lawsuit.  See Airframe Sys., Inc., 601 F.3d at 14-15, 18 (holding that it was fair to apply claim preclusion because the plaintiff did not show good cause for failing to

bring its claims in the earlier lawsuit).

Steele argues that the issues in this case are factual copying and access any response to which the defendants waived when they limited the scope of Steele I to an analysis of "substantial similarity." Steele refers to the defendants' memoranda in Steele I, in which they pointed out that

> there can be no copyright infringement in the absence of a showing of substantial similarity, and thus other issues such as access and copying need not be addressed for there to be a complete disposition of the matter.

The Court agreed with the defendants' reasoning and dismissed the case due to a lack of substantial similarity between the Steele Song and the defendants' creative works. See Steele I, 646 F. Supp. 2d at 190-93. Indeed, the claims brought here are distinct from those brought in Steele I and may require analysis of some issues not addressed in Steele I. The doctrine of claim preclusion, however, bars litigation of claims that could have been brought in the prior lawsuit, not just claims that were actually articulated. Airframe Sys., Inc., 601 F.3d at 14. Although all of the issues raised here may not have been litigated in Steele I, they could have been and, therefore, Steele's claims are barred by res judicata. As such, the defendants' motion to dismiss will be allowed.

The third criteria for the enforcement of the doctrine of res judicata is also clearly satisfied here. Claim preclusion applies so long as a new defendant is "closely related to a

defendant from the original action". Id. at 17 (internal quotation omitted). Eight defendants were named in both Steele I and Steele III. Steele alleges that the new defendants added in Steele III are directors, managers, employees or affiliates of or acting in concert with the defendants named in Steele I. The Court finds that those affiliations constitute sufficiently close relationships to warrant the application of claim preclusion. See In re El San Juan Hotel Corp., 841 F.2d 6, 10-11 (1st Cir. 1988) (holding that the new defendant, an alleged co-perpetrator of the harms litigated in the first lawsuit, could invoke the doctrine of res judicata because it had a sufficiently close relationship to the original defendant).

Steele also makes numerous allegations of misconduct by the defendants and their attorneys. First, he contends that the defendants committed fraud on the Court in Steele I by removing the MLB Advanced Media, L.P. ("MLBAM") copyright notice from the TBS Promo it filed with the Court. That allegation is the subject of Steele II and, therefore, will not be addressed here. Second, Steele asserts that defendants' counsel attempted to remove defendant Fenway Sports Group, formerly known as New England Sports Enterprises LLC ("FSG") from this action by willfully defaulting and concealing FSG's willful default. Because 1) the Court will dismiss this action on claim preclusion grounds, 2) Steele has not filed a motion for a default judgment

and 3) FSG has responded to this action by moving to dismiss it, the Court declines to consider the alleged default.

## IV. **Defendants' Motion for Sanctions**

Defendants request attorney's fees and costs related to their motion to dismiss pursuant to Fed. R. Civ. P. 11 , 28 U.S.C. § 1927 and 17 U.S.C. §§ 505 and 1203(b)(5). They also ask that the Court enjoin Steele from making additional motions or filing new lawsuits related to the Steele Song, without the Court's approval.

The First Circuit has stated that Fed. R. Civ. P. 11

> prohibits filings made with any improper purpose, the offering of frivolous' arguments, and the assertion of factual allegations without evidentiary support or the likely prospect of such support.

Roger Edwards, LLC v. Fiddes & Son Ltd., 437 F.3d 140, 142 (1st Cir. 2006) (internal quotations omitted). Rule 11 sanctions are intended to "protect parties and the Court from wasteful, frivolous, and harassing lawsuits." Jones v. Social Sec. Admin., Civ. A. No. 03-12436, 2004 WL 2915290, at *3 (D. Mass. Dec. 14, 2004).

Similarly, 28 U.S.C. § 1927 provides that

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Finally, under the United States Copyright Act, 17 U.S.C. §§ 505 and 1203(b)(5), the Court has the discretion to award costs and

reasonable attorney's fees to the prevailing party if it finds that the litigation was, <u>inter</u> <u>alia</u>, frivolous or undertaken in bad faith. <u>See</u> <u>Fogerty</u> v. <u>Fantasy, Inc.</u>, 510 U.S. 517, 534 n.19 (1994).

As explained above, Steele's claims in this action are clearly precluded by this Court's holding in <u>Steele I</u> and appear to be an attempt to circumvent that holding. Thus, this lawsuit is at least frivolous, and possibly vexatious, and it would be reasonable for the Court to conclude that sanctions are warranted. <u>See</u> <u>Hughes</u> v. <u>McMenamon</u>, 379 F. Supp. 2d 75, 81 (D. Mass. 2005). Moreover, Steele has filed two additional actions arising from the same nucleus of operative facts, one in federal court (<u>Steele II</u>) and one in the Massachusetts Superior Court (<u>Steele IV</u>).

Despite the fact that sanctions are warranted here and that Steele's proliferating lawsuits against essentially the same group of defendants border on harassment, the Court will limit its sanctions to an admonition this time. Steele is forewarned, however, that any future filing of frivolous or vexatious cases in this Court will result in the imposition of sanctions, including an order enjoining him from filing further proceedings in this Court arising from the same nucleus of operative facts. Although the defendants are entitled to an award of the costs and fees that they have incurred in responding to this action, the

Court will abate any such award unless plaintiff hereafter persists in filing frivolous or superfluous pleadings.

**ORDER**

In accordance with the foregoing,

1) plaintiff's motion to stay and consolidate (Docket No. 59) is **DENIED**;

2) defendants' motions to dismiss (Docket Nos. 7, 37, 38, 47 and 68) are **ALLOWED**;

3) defendants' motions for sanctions (Docket Nos. 7, 37, 38, 47 and 68) are held in abeyance during the pendency of the appeal of the Court's decisions in <u>Steele</u> v. <u>Turner Broad. Sys., Inc.</u>, Civ. A. No. 08-11727-NMG, and unless and until plaintiff files any further frivolous pleadings, in which event the Court will impose monetary sanctions and/or an order enjoining plaintiff from filing further proceedings in this Court.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 18, 2011